The Chief Justice delivered the opinion of the court.
Gould,
the plaintiff in' certiorari, seeks to reverse the judgment in this case,'because the justice refused to allow an adjournment to which he was legally entitled, whereby he was deprived of the attendance of his witnesses. Brown answers that he should have sought relief on the appeal he *209 made to the Court of Common Ploas, where after a trial by jury, judgment was again tendered against him ; and having omitted to do so, he is precluded here. The plaintiff replies, that redress here is open to him, because that court could not relievo him from the error of the justice.
*The sixth section of the supplement, of November [*166 1820, to the act constituting courts for the trial of small causes, Rev. Laws, 798, enacts that no judgment rendered in any of those courts, from which an appeal is given, shall be removed into this court by certiorari or otherwise, for the correction of any supposed error therein, but the party thinking himself aggrieved shall have relief upon the appeal only, aud that both as to matter of law and matter of fact. The letter of this section, as well as the obvious design of the legislature, was, to correct upon the appeal all errors of the justice, in cases where an appeal is given, and to preclude those errors from being the subject of enquiry or complaint here, except when they may have been sanctioned by the Court- of Common Pleas, or redress refused there, so that they may have become in fact the errors of that court. Nothing can be more plain and explicit than the language of the act. No judgment shall bo removed here by certiorari for the correction of any supposed error therein. Is not this clause of the same purport precisely as if the legislature had said, a supposed error in the judgment of the justice shall not, on certiorari, be assigned as a reason or cause of reversal? Again, the party shall have relief upon the appeal only, and that both as to matter of law and matter of fact. Terms more comprehensive could not have been easily conceived or readily employed. The error assigned in the cause before us, is in matter of lawn The justice refused an adjournment, to which, as the plaintiff says, he wras legally entitled. If so, he is required by the express provisions of the act to seek relief in the Court of Common Ploas, and not here until it be first refused to him there. To suppose that the Court of Common Pleas cannot *210 afford relief in a case of this nature is incorrect. The powers given to that court by the act are abundantly sufficient ; and we are not to presume that they would not have been properly exercised. It cannot escape observation, that if the present cause of reversal were sustained, so many others similar in principle would irresistibly follow, that by judicial construction, a very plain enactment of the legislature would be almost, if not altogether, overthrown.
The plaintiff in certiorari should have sought relief upon the appeal, and having omitted to do so, he cannot prevail here.
An alleged defect in the state of demand is also assigned as cause of reversal. This objection stands on very different ground from the former. If a state of demand is radically *167] vicious, or sets *forth no legal cause of action, a reversal will take place; and“ rightfully ; for a judgment in such a case in favor of the plaintiff is an error of the Court of Common Pleas. The state of demand is to exhibit the plaintiff’s cause of action ; and such cauée, after judgment, he is supposed to have proved on the trial. If, therefore, it contain no legal cause of action, or exhibit an illegal complaint, it manifests an error in the Court of Common Pleas to have entitled the plaintiff in such case to recover. We may therefore enquire into the alleged defect. The state of demand is in trespass vi et armis for the taking and carrying away sundry goods and chattels particularly enumerated ; and is admitted to be every way formal, except that the alleged value of the articles taken is not expressed. Eor such an omission, or for one partaking so little of the essence of a cause of action, no judgment of a justice or of a Court of Common Pleas, it is believed, has ever been reversed in 'this court. In Moore v. Whitaker, Pen. 460, in trespass; and in Lippincott v. Smith, 1 South. 95, in case, the value of the property was not averred. Notwithstanding exceptions to the- state of demand, not it is true on this ground, the judgments were sustained. The case of Vandyke v. *211 Dodd, 1 Halst. 129, is more directly in point. The very objection was there taken. Justice Ford, in delivering the opinion of the court, said, “ Had it alleged the quantity and value of each article, it would have been more formal; but the uttermost form of the books alleges quantity and value under a videlicet, and then they are not to be proved as laid, but are left open to any evidence that the plaintiff may be able to adduce at the trial. The declaration is sufficient in substance.”
Let the judgment be affirmed.